**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DNA DISTRIBUTORS, INC., an Illinois Corporation,<br><br>    Plaintiff,<br>v.<br><br>ASH GROUP OF FLORIDA, INC., a Florida Corporation; JUST CBD, LLC, a Florida Limited Liability Company,<br><br>    Defendants. | Case No. |

**COMPLAINT**

Plaintiff, DNA Distributors, Inc., by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against ASH GROUP OF FLORIDA, INC. and JUST CBD LLC, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

**Nature of the Case**

1. This action is brought by Plaintiff to put an end to Defendants' willful and continued infringement of the famous and distinctive JUST JUICE trademark (U.S. Registration No.4,650,322) on its products, packages, and labels without Plaintiff's approval or permission to use that trademark.

2. Defendants' actions do not have any affiliation with Plaintiff and were undertaken with bad faith as defined by the Lanham Act (15 U.S.C. § 43, *et seq.*).

3. Defendants' created its confusingly similar trademark JustCBD to profit from the fame and notoriety of the JUST JUICE brand. Defendants' JustCBD Mark is confusingly similar to DNA's distinctive and famous trademark JUST JUICE.

4. This is an action for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act); the use of false designation of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a) (Section 43 of the Lanham Act); trademark dilution in violation of 15 U.S.C. § 1125(c); trademark counterfeiting in violation of 15 U.S.C. § 1114(1); Illinois common law trademark infringement and unfair competition; trademark dilution in violation of Illinois law (765 ILCS § 1036/65) ; and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*).

## The Parties

5. Plaintiff, DNA Distributors, Inc. ("DNA"), is a corporation organized and exists under the law of the State of Illinois with its principal place of business at 5420 Newport Drive, #49, Rolling Meadow, Illinois.

6. Defendant, Ash Group of Florida, Inc. ("Ash Group") is a corporation organized under the law of the State of Florida with its principal place of business at 2342 Thomas Street, Hollywood, FL 33020.

7. Ash Group designs, manufactures, markets, and/or globally distributes cannabidiol (CBD) infused products, including vape oils, tinctures, creams, and edibles

8. Defendant, Just CBD LLC ("Just CBD") is a limited liability company organized under the laws of the State of Florida with a principal place of business at 2346 Thomas Street, Hollywood, FL 33020.

9. Just CBD designs, manufactures, markets, and/or globally distributes cannabidiol (CBD) infused products, including vape oils, tinctures, creams, and edibles.

10. Defendants design, manufacture, label, market, sell, and/or distribute their CBD infused products under the Just CBD brand.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. 1121, as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and under the state laws of Illinois.

12. This Court has supplemental jurisdiction over DNA's state law claims pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of Illinois and within this District and because Defendants have purposefully availed themselves of the benefits and privileges of conducting business activities within the State of Illinois and within this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**Factual Background**

*JUST JUICE Trademark*

15. Since 2006, DNA has marketed, advertised, offered for sale and sold its e-liquid used to refill electronic cigarette cartridges under the JUST JUICE mark.

16. On November 4, 2013, DNA filed its trademark application with the United States Patent and Trademark Office ("USPTO") for the mark JUST JUICE used in connection with International Class 030 for "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges."

17. On December 2, 2014, the USPTO registered the JUST JUICE Mark (U.S. Registration No. 4,650,322). A true and correct copy of the registration certificate is attached as

**Exhibit A**.

18. On March 5, 2020, the USPTO accepted DNA's Combined Declaration of Use and Incontestability pursuant to Sections 8 and 15 of the Lanham Act for the JUST JUICE Mark.

19. Accordingly, pursuant to 15 U.S.C. § 1065, the JUST JUICE Mark is incontestable.

20. DNA has invested substantial time, effort, and money developing the goods marketed in connection with the JUST JUICE mark.

21. As a result of DNA's substantial efforts, the JUST JUICE Mark has become famous in the minds of consumers.

22. DNA markets and sells products including electronic cigarette e-liquids with the JUST JUICE mark through various retailers and e-retailers including the website www.cbdtostore.com. A true and correct printout of one of DNA's products sold is attached as **Exhibit B**.

23. DNA extended its famous JUST JUICE brand by adding the descriptive word "CBD": JUST JUICE CBD. DNA also adopted the design JUSTJUICE+CBD ("JUST JUICE CBD Mark").

24. DNA has been using the JUST JUICE CBD Mark in connection with its CBD vape cartridges, CBD cape oil, and other related goods since September 2019.

25. Because the Federal Food, Drug, and Cosmetic Act prohibits the introduction of drugs, including cannabidiol (CBD), to food, the USPTO rejects trademark applications pursuant to Section 1 and 45 of the Lanham Act. DNA cannot submit a trademark application for its goods under the JUST JUICE CBD mark. DNA has common law rights in its JUST JUICE CBD mark.

*Defendants' wrongdoing*

26. On January 29, 2019, Defendant Ash Group filed a trademark application for the

4

design mark ![JUSTCBD] used in connection with, *inter alia*, in International Class 030 for "Candy; Gummy candies; all of the foregoing containing only naturally occurring amounts of CBD solely derived from hemp with a delta-9 tetrahydrocannabinol (THC)" (Serial No. 88/267,349) ("JustCBD Mark").

27. As of this filing date, the JustCBD design mark is not registered.

28. The USPTO rejected the application for the JustCBD Mark based on Sections 1 and 45 for a violation of the Food, Drug, and Cosmetic Act because it is unlawful to introduce food containing added cannabidiol (CBD) into interstate commerce or to market CBD as, or in, dietary supplements, regardless of whether the substances are hemp-derived.

29. On August 16, 2019, DNA contacted Defendants concerning their use of the JustCBD Mark in connection with various products, including electronic cigarette liquids. A true and correct copy of that letter is attached as **Exhibit C**.

30. In that letter, DNA advised Defendants of the likelihood of confusion between the JustCBD branded products and DNA's JUST JUICE branded products.

31. On September 9, 2019, counsel for Defendant Ash Group sent a response letter stating its position that "confusion is not likely to occur in the marketplace or distribution channels, but rather asserts the coexistence of the marks is possible without doubts about the source of the goods offered." A true and correct copy of that letter is attached as **Exhibit D.**

32. Undeterred, Defendants continued using the JustCBD Mark on its products.

33. Defendants continues using the JustCBD Mark on its products without permission or authorization from DNA.

34. Indeed, Defendants continue to market, offer for sale and sell JustCBD branded products through, *inter alia*, www.cbdtostore.com. A true and correct printout of such a product is attached as **Exhibit E.**

35. In 2019, Defendants were subject to numerous lawsuits relating to and/or concerning the marketing and advertising of various products bearing the JustCBD Mark.

36. On April 16, 2020 DNA was notified by a representative of CBD To Store which requested DNA refund over $7,000 because of confusion between DNA's products and Defendants' products based on the fact that they have a "similar name, which is Just CBD." A true and correct copy of that email is attached as **Exhibit F**.

37. Based on these acts, actual confusion exists in the marketplace.

38. Defendants' wrongful acts are an intentional and willful misappropriation of the JUST JUICE Mark and the goodwill and reputation associated with it.

39. Defendants' continued unauthorized use of the JUST JUICE Mark has been done and continues to be done with the intent to confuse and mislead the public into believing that the Defendants' products are related to, affiliated with, or endorsed by DNA.

40. Defendants' wrongful acts have and will continue to have a substantial and adverse effect on United States commerce as the consumers are wrongfully informed and believe that Defendants' products are related to, affiliated with, or endorsed by DNA.

41. Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to DNA unless permanently enjoined, for which DNA has no adequate remedy at law.

42. Defendants are profiting and will continue to profit from their unlawful actions.

43. Defendants' unlawful actions are causing and will continue to cause DNA monetary damages in an amount presently unknown, but to be determined at trial.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

44. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

45. DNA is the owner of the JUST JUICE Mark.

46. The JUST JUICE Mark is valid and enforceable.

47. The JUST JUICE Mark is incontestable pursuant to 15 U.S.C. § 1065.

48. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the mark has come to mean, and are understood by customers, users, and the public to signify the goods come from DNA.

49. Defendants have not been granted any right to use the JUST JUICE Mark.

50. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

51. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

52. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the JUST JUICE Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

53. DNA has no control or supervision over the Defendants' products that bear the JustCBD Mark.

54. DNA's valuable goodwill has been and continues to be damaged by Defendants through their products, packages, and labels carrying the JustCBD Mark.

55. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, have caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

56. Defendants' actions constitute willful infringement of the JUST JUICE Mark in total disregard of DNA's proprietary rights.

57. Defendants' infringement is not innocent because they had prior and ongoing notice of the JUST JUICE Mark.

58. Defendants are liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59. Defendants' actions make this case exceptional under 15 U.S.C. § 1117(a).

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))

60. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

61. DNA is the owner of the JUST JUICE Mark.

62. The JUST JUICE Mark is valid and enforceable.

63. The JUST JUICE Mark is incontestable pursuant to 15 U.S.C. § 1065.

64. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the mark has come to mean, and are understood by customers, users, and the public to signify the

goods come from DNA.

65. Defendants have not been granted any right to use the JUST JUICE Mark.

66. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

67. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

68. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the JUST JUICE Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

69. DNA has no control or supervision over Defendants' products that bear the JustCBD Mark.

70. DNA's valuable goodwill has been and continues to be damaged by Defendants.

71. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, has caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

72. Defendants are liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III**
**TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

73. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

74. DNA is the owner of the JUST JUICE Mark.

75. The JUST JUICE Mark is valid and enforceable.

76. The JUST JUICE Mark is incontestable pursuant to 15 U.S.C. § 1065.

77. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the mark has come to mean, and are understood by customers, users, and the public to signify the goods come from DNA.

78. Due to DNA's continuous and long-standing use in commerce, the JUST JUICE Mark is famous within the meaning of the law.

79. The JUST JUICE Mark became famous prior to Defendants' unlawful use of its JustCBD Mark.

80. Defendants have not been granted any right to use the JUST JUICE Mark.

81. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

82. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

83. Defendants' unauthorized use of the JustCBD Mark and lawsuits concerning the JustCBD products injures DNA's business reputation and has diluted and/or is likely to continue to dilute the distinctive qualities of the JUST JUICE Mark.

84. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the famous JUST JUICE Mark and to obtain a competitive advantage without

expenditure of resources, by a strategy of willful infringement.

85. DNA has no control or supervision over Defendants' products that bear the JustCBD Mark.

86. DNA's valuable goodwill has been and continues to be damaged by Defendants.

87. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, have caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

88. Defendants are liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114(1))

89. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

90. DNA is the owner of the JUST JUICE Mark.

91. The JUST JUICE Mark is valid and enforceable.

92. The JUST JUICE Mark is incontestable pursuant to 15 U.S.C. § 1065.

93. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

94. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

95. Defendants' use of the JustCBD Mark on its products, packages, and labels misrepresents to the public that its goods are sold by DNA.

96. Defendants' wrongful conduct is intended to exploit the goodwill and reputation associated with the JUST JUICE Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

97. DNA has no control or supervision over Defendants' products that bear the JustCBD Mark.

98. DNA's valuable goodwill has been and continues to be damaged by Defendants.

99. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, has caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

100. Defendants' actions constitute willful and intentional use of counterfeits of the JUST JUICE Mark in total disregard of DNA's proprietary rights.

101. Defendants' knowledge that the use, reproduction, counterfeit, copy, or colorable imitation of the JUST JUICE Mark has been and continues to be a violation of DNA's rights.

102. Defendants' infringement is not innocent because it has had prior and ongoing notice of the JUST JUICE Mark.

103. Defendants are liable for trademark counterfeiting in violation of 15 U.S.C. § 1114(1).

104. Defendants' actions make this case exceptional under 15 U.S.C. § 1117(a).

## COUNT V
## ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

105. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set

forth herein.

106. DNA is the owner of the JUST JUICE and JUST JUICE CBD Marks.

107. The JUST JUICE and JUST JUICE CBD Marks are valid and enforceable.

108. The JUST JUICE Mark is incontestable pursuant to 15 U.S.C. § 1065.

109. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the JUST JUICE and JUST JUICE CBD Marks have come to mean, and are understood by customers, users, and the public to signify the services come from DNA.

110. Defendants have not been granted any right to use the JustCBD Mark.

111. DNA, at great expense and effort, has acquired a property interest in the State of Illinois in the JUST JUICE and JUST JUICE CBD Marks.

112. Defendants have misappropriated DNA's labors and expenditures.

113. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

114. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

115. Defendants' infringing conduct is intended to exploit the goodwill and reputation associated with the JUST JUICE and JUST JUICE CBD Marks and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

116. Defendants' conduct is an attempt to wrongfully profit from the expense, effort, and reputation of DNA within the State of Illinois.

117. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, have caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

118. Defendants are liable for trademark infringement, in violation of Illinois law.

119. DNA is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT VI
## TRADEMARK DILUTION
## ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT
## (765 ILCS 1036/65)

120. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

121. DNA is the owner of the JUST JUICE and JUST JUICE CBD Marks.

122. The JUST JUICE and JUST JUICE CBD Marks are valid and enforceable.

123. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the JUST JUICE and JUST JUICE CBD Marks have come to mean, and are understood by customers, users, and the public to signify the services come from DNA.

124. The JUST JUICE and JUST JUICE CBD Marks are distinctive and famous within the meaning of 765 ILCS 1036/65, and were famous prior to the acts committed by Defendants discussed herein.

125. Defendants have not been granted any right to use the JustCBD Mark.

126. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

127. Defendants' use of the JustCBD Mark injures DNA's business reputation and has

diluted and/or is likely to dilute distinctive qualities of the JUST JUICE and JUST JUICE CBD Marks.

128. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, have caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

129. Defendants are liable for trademark dilution, in violation of 765 ILCS 1036/65.

130. DNA is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT VII
## DECEPTIVE AND UNFAIR TRADE PRACTICES
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT 815 ILCS § 501/1 *et seq.*

131. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

132. DNA is the owner of the JUST JUICE and JUST JUICE CBD Marks.

133. The JUST JUICE and JUST JUICE CBD Marks are valid and enforceable.

134. Because of DNA's long, continuous, and exclusive use of the JUST JUICE Mark, the JUST JUICE and JUST JUICE CBD Marks have come to mean, and are understood by customers, users, and the public to signify the services come from DNA.

135. Defendants have not been granted any right to use the JustCBD Mark.

136. DNA, at great expense and effort, has acquired a property interest in the State of Illinois in the JUST JUICE and JUST JUICE CBD Marks.

137. Defendants have used and continues to use the JustCBD Mark in connection to the goods and services applied for and in connection to competing products to the JUST JUICE branded products.

138. Defendants intentionally, willfully, and unlawfully misappropriated DNA's rights in the JUST JUICE and JUST JUICE CBD Marks.

139. Defendants' intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the affiliation, connection, or association with, or sponsorship with DNA.

140. Defendants' use of the JustCBD Mark on its products, packages, and labels have caused actual confusion and is likely to continue cause confusion or mistake in the minds of consumers to believe that Defendants' products carrying the JustCBD Mark emanate originate from DNA and/or that DNA sponsored or is associated with Defendants' products, which are false.

141. Defendants' conduct is an attempt to wrongfully profit from the expense, effort, and reputation of DNA within the State of Illinois.

142. Defendants' wrongful acts and/or wrongful infringements, for which DNA has no adequate remedy at law, have caused and will continue to cause irreparable harm to DNA unless permanently enjoined.

143. Defendants are liable for deceptive and unfair trade practices, in violation of 815 ILCS § 510/1 *et seq*.

144. DNA is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DNA Distributors, Inc. ("DNA"), respectfully requests that this Court:

1. Grant judgment in favor of DNA and against Defendants on all claims;

2. Temporarily, preliminarily, and permanently enjoin and restrain Defendants, their officers, agents, servants, employees, attorneys, successors, assignees, and subsidiaries, and any and all persons acting in concert or participating with them, from:

    a. using the JUST JUICE Mark, or any reproduction, counterfeit, copy, or colorable image of said mark, in connection with the manufacturing, distribution, transportation, sale, offer for sale, or distribution of electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges;

    b. using the JUST JUICE Mark or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are approved by DNA;

    c. passing-off, inducing, or enabling others to sell or pass off any products, which are not approved by DNA as having been approved by DNA;

    d. committing any other acts calculated to cause purchasers to believe that Defendants' products are approved by DNA;

    e. shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges falsely bearing the JUST JUICE Mark or any reproduction, counterfeit, copy, or colorable imitation of the same;

    f. disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' stock and inventory of wrongfully labeled products branded with the JustCBD Mark, without Court direction; and

    g.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs.

  3.  Order Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to DNA for destruction all goods, packages, and any other written or printed materials that bear or depict the JustCBD Mark, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, an all means for making the same;

  4.  Order Defendants to account for, and pay over to DNA, Defendants' profits, all damages sustained by DNA, and costs of this action pursuant to 15 U.S.C. § 1117(a);

  5.  Increase the amount of damages and/or profits awarded to DNA in a sum equal to three times the actual damages suffered by DNA, as provided in 15 U.S.C. § 1117(b);

  6.  Award DNA statutory damages for Defendants' use of a counterfeit mark in the amount of $2,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed pursuant to 15 U.S.C. § 1117(c).

  7.  Find that this is an exceptional case and award DNA the fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein pursuant to 15 U.S.C. § 1117, or otherwise by law;

  8.  Find that this is an exceptional case and award DNA its reasonable attorneys' fees, costs, disbursements, with interests, pursuant to 15 U.S.C. §1117, or otherwise as provided by law;

  9.  Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 23, 2020                                      Respectfully submitted,


                                                           /s/ *Christopher W. Niro*
                                                           Christopher W. Niro

                                                           ***One of the Attorneys for Plaintiff, DNA Distributors, Inc.***


Christopher W. Niro
Kristina D. Diesner
ARONBERG GOLDGEHN DAIVS & GARMISA
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
312-755-3161
cniro@agdglaw.com
kdiesner@agdglaw.com

4839-6043-4095 v.1